UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEXINGTON LAND TITLE CO., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:10cv2143 TCM |
| INTEGRITY LAND TITLE CO., INC., and INTEGRITY DISBURSING, L.L.C., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This declaratory judgment action is before the Court on the unopposed motion of Fidelity National Title, Inc. (Fidelity), to intervene. In support of its request, Fidelity explains that it is the successor by merger to two entities, Lawyers Title Insurance Corporation (Lawyers Title) and Commonwealth Land Title Insurance Company (Commonwealth), that have had to pay in excess of one million dollars each to resolve litigation arising from the alleged errors and omissions of Plaintiff's insureds, Defendants, and that, as a third-party beneficiary of the insurance policies at issue in this litigation, insurance policies that Plaintiff contends do not cover the conduct at issue, it is entitled to intervene as of right, pursuant to Federal Rule of Civil Procedure 24(a)(2), or, at a minimum, as a matter of permission, pursuant to Rule 24(b)(1)(B).

Rule 24 is to be construed liberally, with any doubts resolved in favor of the proposed intervenors. **United States v. Ritchie Special Credit Investments, Ltd.**, 620 F.3d 824, 831

(8th Cir. 2010) (Ritchie).  Rule 24(a)(2) requires a court to permit a movant to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed.R.Civ.P. 24(a)(2).  A qualifying interest must be "'direct,' as opposed to tangential or collateral," and "must be 'recognized,' i.e., both 'substantial' and 'legally protectable.'"  **United States v. Union Elec. Co.**, 64 F.3d 1152, 1161 (8th Cir. 1995).  And, the movant must show that its interest "'may be'" impaired, not "'would be,'" by the disposition of the litigation.  **Id.** (quoting Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assocs., 60 F.3d 1304, 1307 (8th Cir. 1995)).  A Rule 24(a)(2) motion to intervene as of right must also be timely made.  Fed.R.Civ.P. 24(a).  "Timeliness is to be determined from all the circumstances."  **Ritchie**, 620 F.3d at 832.  The relevant circumstances include how far the litigation has progressed and prejudice to the current parties.  **Id.**

Fidelity argues that it satisfies the Rule 24(a)(2) criteria in that Defendants were obligated to carry errors and omissions insurance polices that would cover the actions giving rise to Lawyer Title's and Commonwealth's liability in other litigation and that the disposition of this action will impede its ability to protect its interest.  Also, the motion is made early in the litigation and results in no prejudice to the current parties.  Plaintiff states that it does not disagree with Fidelity's position; Defendants have not responded to the motion.

The Court agrees with Fidelity and Plaintiff that the motion to intervene as of right

- 2 -

should be granted. Consequently, the question of permissive intervention need not be reached. Accordingly,

**IT IS HEREBY ORDERED** that the motion of Fidelity National Title, Inc., to intervene is **GRANTED**. [Doc. 20] The Clerk of Court is directed to docket the proposed complaint in intervention as of this date.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of February, 2011.