UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEXINGTON LAND TITLE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10cv2143 TCM |
| | ) |
| INTEGRITY LAND TITLE CO., INC., and | ) |
| INTEGRITY DISBURSING, L.L.C., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| vs. | ) |
| | ) |
| FIDELITY NATIONAL TITLE, INC., | ) |
| as successor by merger to Lawyers | ) |
| Title Insurance Corporation and | ) |
| Commonwealth Land Title Insurance Co., | ) |
| | ) |
| Intervenor Defendant. | ) |

**MEMORANDUM AND ORDER**

This declaratory judgment action is before the Court on the opposed motion of intervenor Fidelity National Title, Inc. (Fidelity), to stay. [Doc. 26]

This action began with the filing by Lexington Insurance Company of a complaint against Integrity Disbursing, L.L.C., and Integrity Land Title Co., Inc. (hereinafter collectively referred to as "Integrity") seeking a declaration that it had no duty to defend or indemnify Integrity in five actions pending against Integrity in Missouri state court. Two of the actions had been filed in St. Charles County. (Compl. ¶¶ 8, 12.) One of those two St. Charles actions, Contemporary Flooring & Design v. Bowers & Bailey, LLC, sought a determination in six of its sixty-four counts that Integrity's interest in three of the thirty-two lots at issue was inferior

to that of Contemporary Flooring. (Id. ¶ 17-19.) Lexington is not one of the eighty-one named defendants. (See Pl. Ex. B at 1-12.) The other action, Commonwealth Land Title Ins. Co. v. Steinback, is titled "Petition for Fraud and Other Relief" and seeks, among other things, a monetary judgment against Integrity for breach of contract, negligence, negligent misrepresentation, negligent concealment, and indemnification and also asserts a third-party beneficiary claim against Lexington for allegedly breaching its errors and omissions policy with Integrity. (See Pl. Ex. F.)

Two of the other state court actions were filed in Morgan County and arise from a title commitment prepared by Integrity for sale of real property in that County. (Compl. ¶¶ 34, 39.) These two actions were settled by Lawyers Title Insurance Corporation (Lawyers), who, with two of the parties in the Morgan County actions, has filed an action in St. Louis County against Integrity and Lexington. (See Pl. Ex. E.) This St. Louis County action includes eight counts against Integrity – two for indemnification, two for breach of agency agreement, two for negligence, and two for negligent misrepresentation – and one count, a third-party beneficiary claim, against Lexington.

After a Rule 16 scheduling conference had been set and on the same day the conference was held, Fidelity moved to intervene on the grounds that it, as successor to Lawyers and Commonwealth Land Title Insurance Company (Commonwealth), has a legal interest in the instant coverage dispute between Plaintiff and Integrity and that this interest may be impaired by the disposition of this lawsuit. Fidelity further asserted in its motion that the operative facts and issues of law in the Lexington complaint were identical to those in its complaint in

intervention. Moreover, Fidelity pledged that no undue delay or prejudice would result from its intervention. Its motion was granted.

Now, Fidelity seeks to stay this action until the St. Charles County and St. Louis County actions are resolved. The Court notes that these are but two of the actions at issue in the pending seminal complaint. On May 6, 2011, a motion to compel was granted and a motion to stay[1] was denied in the St. Louis County action. It has not been set for trial. Discovery is also ongoing in the St. Charles County action. No trial has been set.

In the instant case, discovery ends on August 1, 2011; dispositive motions must be filed on or before August 15, 2011; and trial is set for the week beginning January 17, 2012.

Title 28 U.S.C. § 2201(a) provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  "Deciding whether to entertain a declaratory judgment action, a district court should determine if the question in controversy would be better settled in the proceedings in state court." **Cincinnati Indem. Co. v. A & K Constr. Co.**, 542 F.3d 623, 625 (8th Cir. 2008). The Eighth Circuit has delineated six factors to consider when making this determination:

> "(1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations at issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's

---

[1] This motion was filed by Lexington a week after the pending motion to stay was filed in this case.

interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing-that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable."

**American Home Assur. Co. v. Pope**, 487 F.3d 590, 602 (8th Cir. 2007) (quoting Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 998 (8th Cir. 2005) (quotations and alterations omitted)).  See also **Brillhart v. Excess Ins. Co.**, 316 U.S. 491, 495 (1942) (If the issues in controversy between the parties to the federal case can be better settled in the state case, the court must dismiss or stay the federal action because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

Considerations of these six factors militates against staying this action.  At issue in this federal action are whether Lexington has a duty to defend and indemnify Integrity in three groups of claims, i.e., the Contemporary Flooring claims, the Talley claims, and the Gassen claims.[2]  Resolution of this issue in this action will clarify and settle the relations between Lexington and Integrity, thus providing relief from the uncertainties about Lexington's duties under its insurance policy that have given rise to this proceeding.  Moreover, the issues about that coverage can be more efficiently resolved in this court than in the two state court actions,

---

[2]The Talley and Gassen claims arise from disputes about real property in Morgan County.

each in a different judicial circuit, in which the coverage issue is but one of many issues. And, in the Contemporary Flooring case, Lexington is not even a defendant. Thus, the uncertainty of Lexington's duties to Integrity in that case would remain even after the other two state court actions have been resolved. Permitting this case to proceed would not result in an unnecessary entanglement of the federal and state court systems, nor has there been any showing that this action was initiated as a "device for procedural fencing." **American Home Assur. Co.**, 487 F.3d at 602 (quotations omitted). Indeed, any such fencing could arguably be attempted to be erected by Fidelity, who intervened on the grounds that, inter alia, no prejudice would result from its entry into this litigation and who now urges a stay of the litigation until two state court actions with some of the same issues and with no trial date have been resolved.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Fidelity National Title, Inc., to stay is **DENIED**. [Doc. 26]

**IT IS FURTHER ORDERED** that the motion of Lexington Insurance Company for leave to file a surreply is **DENIED** as moot. [Doc. 30]


/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of June, 2011.